```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ATLANTIC MUTUAL INSURANCE COMPANY,  :
INC. A/S/O PEPSICO, INC.,
                                    :
            Plaintiff,                  00 Civ. 7668 (LMM)
                                    :
          - v -                         MEMORANDUM AND ORDER
                                    :
CSX EXPEDITION, her engines,
boilers, etc., and CSX LINES,       :
L.L.C. and HYUNDAI MIPO DOCKYARD
CO., LTD.,                          :

            Defendants.             :

------------------------------------x
```

McKENNA, D.J.

**1.**

By Memorandum and Order dated August 3, 2004, this Court granted defendants' motion for summary judgment, dismissing the complaint. Atlantic Mut. Ins. Co. v. CSX Expedition, No. 00 Civ. 7668, 2004 WL 1746712 (S.D.N.Y. Aug. 3, 2004). On December 27, 2005, the Court of Appeals reversed that decision, and remanded for proceedings consistent with its opinion. Atlantic Mut. Ins. Co. v. CSX Lines, L.L.C., 432 F.3d 428 (2d Cir. 2005).

Following remand, the Court conferred with counsel with respect to what further proceedings were called for, and counsel thereafter submitted letter briefs outlining their respective positions. Defendants contend that there are some twelve areas in which discovery should be had (Defs.' Letter Br., Mar. 24, 2006, at 4-5), while plaintiff contends that "the sole remaining issue to be

determined by this Court is the quantum of damages in monetary terms" (Pl.'s Letter Br., Apr. 6, 2004, at 1), and that only minimal discovery is needed in that area. (Id. at 6.)

**2.**

The parties' arguments cannot be fully understood and resolved without first understanding both plaintiff's claim and the Court of Appeals' opinion.

It is not disputed that, during a voyage of the CSX Expedition from Puerto Rico to Port Elizabeth, New Jersey, a container holding 720 five-gallon pails of Pepsi Free concentrate was submerged. Upon arrival at Port Elizabeth, the consignee, the Pepsi Cola Company ("Pepsi"), rejected the container,[1] "stating that 'the entire container and contents had been fully submerged and the container itself badly damaged.'" Atlantic Mut., 432 F.2d at 430. A request by a representative of defendants for a sample of the concentrate for testing purposes was denied, and the concentrate was destroyed. Id. at 431-32. Pepsi had performed (but not in the presence of any representative of defendants) a specific gravity test on the concentrate itself which, it said, showed "a contamination of 85 ml of water in a 5-gallon pail." Id. at 431 n.3. Defendants' surveyor requested, but was denied, a sample to test.

---

[1] It accepted two other containers aboard the vessel during the same voyage.

The cargo was shipped pursuant to a bill of lading governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. app. § 1300 et seq. "To recover against a carrier for damage to goods shipped pursuant to a bill of lading governed by COGSA, a plaintiff '"bears the initial burden of proving both delivery of goods to the carrier . . . in good condition, and outturn by the carrier . . . in damaged condition.'"'  Atlantic Mut., 432 F.3d at 433 (quoting Transatlantic Marine Claims Agency, Inc. v. M/V OOCL Inspiration, 137 F.3d 94, 98 (2d Cir. 1998) (quoting Vana Trading Co. v. S.S. "Mette Skou", 556 F.2d 100, 104 (2d Cir. 1977))). "[T]he 'plaintiff has the burden, which remains with it throughout the case, of proving that "the goods were damaged while in the carrier's custody."'"  Id. (quoting Caemint Food, Inc. v. Brasileiro, 647 F.2d 347, 351-52 (2d Cir. 1981) (quoting Pan-American Hide Co. v. Nippon Yusen (Kabushiki) Kaisha, 13 F.2d 871, 871 (S.D.N.Y. 1921))).  In order to prove that the goods were damaged while in the carrier's custody, "a plaintiff must present evidence (a) that the cargo was damaged, and (b) that the damage occurred while the cargo was in the carrier's control and not because of 'any inherent vice of the cargo.'"  Id. at 434 (quoting Siderius v. M.V. "Amilla", 880 F.2d 662, 664 (2d Cir. 1989)).

Here, defendants do not dispute "that the cargo was entrusted to them in good condition," Atlantic Mut., 432 F.3d at 433-34 (footnote omitted), and the question "when the cargo was

3

damaged, and, consequently, whether the damages may be properly attributed to the carrier's alleged misconduct . . . is not in serious dispute." Id. at 434. Rather, the Court of Appeals concluded, defendants admitted fault, "leaving open only the question of whether [plaintiff's] cargo suffered damage as a result of [defendants'] negligence." Id. (citation omitted).

This Court, as described by the Court of Appeals, "concluded: '[B]ecause . . . the specific gravity test conducted by Pepsi is the only evidence that could support plaintiff's contention that the cargo was damaged upon delivery . . . plaintiff has not established a prima facie case for liability.'" Id. at 434 (quoting Atlantic Mut., 2004 WL 1746712, at *8 (emphasis added)).[2]

After pointing out that "[i]t is well-settled that the loss in market value of a plaintiff's cargo is the presumptive measure of damages in a suit brought under COGSA," Atlantic Mut., 432 F.3d at 435 (citations omitted), the Court of Appeals went on to conclude that, "[s]ince loss in market value is the ordinary yardstick of damages in a COGSA suit, we believe that evidence of a significantly discounted market value must also suffice to show damage to a plaintiff's cargo for the purposes of establishing

---

[2] This Court had held that the results of the specific gravity test conducted on behalf of Pepsi were, in the circumstances, to be excluded from evidence. Atlantic Mut., 2004 WL 1746712, at *8. The Court of Appeals did not reach the correctness of this determination. Atlantic Mut., 432 F. 3d at 434, which, therefore, still stands. Plaintiff no longer challenges this Court's determination in this respect. (Pl.'s Letter Br. at 3.)

4

prima facie COGSA liability." Id. The Court then held that "evidence of more than trivial loss in market value . . . is sufficient to prove that a plaintiff's cargo was damaged upon delivery. And, in itself, such evidence meets the 'damages' requirement for a prima facie case of liability under COGSA." Id. (footnotes omitted).

The Court of Appeals concluded that the testimony of a Pepsi senior manager of quality that "even if the results of the specific gravity test had suggested that seawater had not infiltrated the concentrate, he nonetheless would have been unable to guarantee the integrity of the product to Pepsi's bottlers and consumers, and without such a guarantee, the product would not have been bought by bottlers" -- buttressed by the provisions of 21 U.S.C. § 342(a)(4)and 42 U.S.C. § 331(a), prohibiting the distribution, as adulterated, of food which may have become contaminated -- was sufficient to support its holding that plaintiff "has adequately shown, for the purposes of establishing a prima facie case of liability under COGSA, that the shipment as received in Port Elizabeth was 'damaged upon delivery.'" Id. at 436-37.

Although plaintiff strenuously urges the contrary (arguing from the implications of, and inferences from, the Court of Appeals' opinion), that Court made it quite clear that the "exact amount of damage" (i.e., the total recovery, as opposed to

the fact of some damage, to the extent necessary to show a prima facie claim under COGSA) and the mitigation of damages remain open issues on remand.  Id. at 436 n. 14.  Nor is there any suggestion in the Court of Appeals' opinion that the case was remanded for the Court to determine these issues based on the present record and argument only.  Plaintiff does not dispute defendants' representation (Defs.' Letter Br. at 2 n.1) that discovery is not complete.  Only after relevant discovery will it be appropriate to consider the merits of the parties' damage and mitigation arguments.

**3.**

Defendants seek discovery on the following topics:

(1)  The appropriateness of Pepsico's mitigation efforts;

(2)  Whether the contents of any of the pails were actually damaged and the scope of such damage;

(3)  How the contents of the pails could have been testd [sic] to determine their condition;

(4)  Whether [this Court] could preclude Pepsico's introduction of evidence of Pepsico's specific gravity test;

(5)  The market value of the Pepsi Free concentrate contained in the pails;

(6)  The cost to manufacture of Pepsi Free concentrate in the 720 pails;

(7)  The cost to recondition the Pepsi Free concentrate contained in the 720 pails;

(8)  Whether the sale of the 720 pails by Pepsico Puerto Rico to Pepsico was an arms length transaction;

    (9)    Whether Pepsico would have been subject to civil or criminal liability under Section 331(a) of the Food Drug and Cosmetic Act;

   (10)    The details of the sale of the cargo to Pepsico's bottlers;

   (11)    The relationship between Pepsico and the bottlers; and

   (12)    Whether the entire case may still be dismissed on grounds that Pepsico spoliated all of the evidence upon which it could use to establish the amount of damage.

(Id. at 4-5.)

Items (1), (2), (3), (5), (6), (7), (8), (10) and (11) are permissible subjects for discovery. Defendants are entitled to explore whether the concentrate, reconditioned or otherwise, could have been used or sold. Given that it appears that the manufacturer of the concentrate, the consignee of the concentrate, and the bottlers to whom it would have been delivered are related in some way or another, defendants should be allowed to explore those relationships before being asked to accept at face value invoice prices as the basis for damages. And it must be remembered that defendants are free to propose a measure of damages other than loss of market value. "Though presumptive, market value is not the exclusive measure of damages." Atlantic Mut., 432 F.3d at 435 n.9 (citations omitted).

Item (4) is moot. The preclusion of the specific gravity test remains in place, without objection by plaintiff. See supra, n.2.

Item (9) is not an appropriate subject for discovery because the issue is foreclosed under the law of the case doctrine. The Court of Appeals has said that "Pepsi is precluded from being able to distribute [the submerged pails'] contents without fear of civil or criminal liability under 21 U.S.C. § 331(a) . . . ." 432 F.3d at 436 (emphasis added). For this Court to find that the possibility of defeating or somehow avoiding such liability would make a difference would not be consistent with the Court of Appeals' theory, which emphasizes the fear of liability, not a certainty that liability will occur.

Item (12) is not an appropriate subject for discovery because the facts put before the Court on the motion for summary judgment do not show that, apart from being denied the opportunity to perform or participate in a specific gravity test themselves, the defendants were otherwise precluded from the observation and inspection of the cargo at issue, nor did they request and were denied some other test.

**4.**

The parties should be aware that the above ruling is not intended to approve or reject any damage theory or argument on either side, but only to allow defendants discovery relevant thereto.

The discovery is to be completed by September 15, 2006 (which date the parties may extend by stipulation). Upon such

completion they are to contact the Court to schedule a conference with respect to settlement (if possible) or the setting of a date for trial.

                                              SO ORDERED.

Dated:  June   , 2006

                                      _____
                                          Lawrence M. McKenna
                                                U.S.D.J.

completion they are to contact the Court to schedule a conference with respect to settlement (if possible) or the setting of a date for trial.

SO ORDERED.

Dated:   June 9, 2006

Lawrence M. McKenna
U.S.D.J.

9